PEOPLE v OLIVER

Docket No. 71925. Submitted September 5, 1984, at Lansing.—Decided November 6, 1984.

Robert A. Oliver was convicted, on his plea of nolo contendere, of attempted kidnapping and, on his plea of guilty, of being a habitual offender, Ingham Circuit Court, James R. Giddings, J. Defendant appealed, alleging that there was no basis for accepting the nolo contendere plea inasmuch as defendant said he was tendering the plea because of the possibility of future litigation, the victim was his own child and the child cannot commence a civil action against him. At the time of the plea, defendant and his wife were involved in a divorce action. *Held:*

A plea of nolo contendere is properly accepted only where there are special circumstances which make the plea appropriate. If the defendant were to admit guilt in the criminal case, such an admission might be used against him by the wife in the divorce proceeding, either in connection with the disposition of property or in matters relating to child custody, visitation, and support. Since the divorce matter would be before the court until the child reaches the age of majority, a plea of guilty to attempted kidnapping of the child could be prejudicial to the defendant in the divorce case for a period of some time into the future. Therefore, the defendant had a legitimate basis to fear the use of a guilty plea in future litigation.

Affirmed.

CRIMINAL LAW — NOLO CONTENDERE PLEAS.

A plea of nolo contendere is properly accepted only where there are special circumstances which make the plea appropriate; one such circumstance is the desire to minimize the repercussions of civil litigation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prose-

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 492-499.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

cuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

*James C. Lucas,* for defendant.

Before: BEASLEY, P.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. Defendant entered a plea of nolo contendere to the charge of attempted kidnapping, MCL 750.349; MSA 28.581; MCL 750.92; MSA 28.287. Defendant also pled guilty to being a habitual offender. Defense counsel and the prosecutor agreed that the court could read the preliminary examination transcript, which contained sufficient evidence to establish the commission of a crime. At the plea proceeding, defendant acknowledged that the reason for his nolo contendere plea was the possibility of future litigation. The preliminary examination transcript also revealed that defendant was, at the time of the alleged offense, involved in a divorce proceeding with his wife. Defendant argues that there was no basis for accepting a nolo contendere plea, given the fact that the alleged victim of the crime was defendant's own child. According to defendant, since the child could not commence a civil action against defendant arising out of the attempted kidnapping, there was no possible reason for the defendant to fear future litigation. Therefore, he argues, there was no basis in fact for the defendant's entry and the court's acceptance of a plea of nolo contendere.

This argument is without merit. We need not decide whether the child could commence a civil action against the father, since it is acknowledged that a divorce proceeding was pending between defendant and his wife. If the defendant were to

admit guilt in the criminal case, such an admission might be used against him by the wife in the divorce proceeding, either in connection with the disposition of property or in matters relating to child custody, visitation, and support. Since the divorce matter would be before the court until the child reaches the age of majority, a plea of guilty to attempted kidnapping of the child could be prejudicial to the defendant in the divorce case for a period of some time into the future. Therefore, the defendant had a legitimate basis to fear the use of a guilty plea in future litigation. Among the circumstances which justify a plea of nolo contendere is a defendant's desire to minimize the repercussions of civil litigation. *Guilty Plea Cases,* 395 Mich 96, 132-134; 235 NW2d 132 (1975).[1]

Affirmed.

---

[1] Even in those cases where a divorce action has not yet been filed, the attempted kidnapping of a child can easily lead to a divorce and the defendant would still have a legitimate basis to fear the consequences of a guilty plea.